1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT
9                          WESTERN DISTRICT OF WASHINGTON
                                      AT TACOMA
10

11   SAMANTHA HUBBARD,                         CASE NO. 13-5982 RJB

12                    Plaintiff,               ORDER ON PLAINTIFF'S MOTION
                                               REGARDING SUBPONEAS
13          v.

14   STATE OF WASHINGTON
     DEPARTMENT OF CORRECTION,
15
                      Defendant.
16
         This matter comes before the Court on the Plaintiff's "Motions [sic] the Court to Sever
17
   [sic] Subponeas [sic]." Dkt. 61. The Court has considered the pleadings filed regarding the
18
   motion and the remaining file.
19
         This employment case arises from the termination of Plaintiff's job with the Washington
20
   State Department of Corrections ("DOC" or "State"). Dkt. 1. Plaintiff now files a motion regarding
21
   subpoenas. Dkt. 61. For the reasons set forth below, Plaintiff's motion should be denied.
22
23
24

ORDER ON PLAINTIFF'S MOTION
REGARDING SUBPONEAS- 1

## I.   FACTS

Plaintiff filed her Complaint, entitled "Employment Discrimination Complaint" on November 13, 2013, *pro se*. Dkt. 1. She alleges that she suffered disparate treatment due to her race and that she was retaliated against because she filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). Dkt. 1-1. Plaintiff additionally references due process in connection with the termination of her employment as a counselor with DOC. *Id.* Plaintiff also filed an "Additional Statement of Facts" docketed as an Amended Complaint. Dkt. 13. Much of Plaintiff's Complaint and subsequent "Additional Statement of Facts"/Amended Complaint are difficult to decipher.

On October 14, 2014, Defendant filed a motion for summary dismissal of all Plaintiff's claims, and noted the motion for November 7, 2014. Dkt. 46. Plaintiff then filed a pleading that was construed as a motion for an extension of time to: 1) conduct more discovery and 2) file a response to the motion for summary judgment. Dkt. 54. Plaintiff's motion for an extension of time to conduct further discovery was analyzed as a motion pursuant to Fed. R. Civ. P. 56 (d), and was denied because Plaintiff failed to "identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." Dkt. 58 (*citing Tatum v. City and County of San Francisco,* 411 F.3d 1090, 1100 (9th Cir. 2006)). Plaintiff's motion for an extension of time to respond to the summary judgment motion, which Plaintiff noted included hundreds of pages of attachments, was granted and the motion for summary judgment renoted to November 28, 2014. Dkt. 58.

On November 12, 2014, Plaintiff filed the pending motion, moving the Court for service of 15 subpoenas. Dkt. 61. The subpoenas identify several individuals and the subpoenas have all been altered from the court's form. Dkt. 61-1. For example, some are altered to read: "YOU

ARE COMMANDED to appear at the place date and time specified below to testify at the taking of *interview* in the above case *via telephone to be recorded.*" *E.g.* Dkts. 61-1, at 1, 3, 4, 6, 7, and 12-14. (The handwritten changes are in italics.) Rather than a place being listed, a fax number is listed. *Id.* Further, a few of the subpoenas appear to direct the production of documents. *E.g.* Dkts. 61-1, at 3, 5, and 7. At least one of the subpoenas is to "Group Health Cooperative," contains handwritten language about a telephone interview and another handwritten portion that provides: "12/2070 phone inquiry Ellen Joseph Department Correction Lt. Connor medication." Dkt. 61-1, at 15.

The discovery deadline was September 15, 2014. Dkt. 26. Trial is set to begin on January 12, 2015. *Id.*

## II.  DISCUSSION

Fed. R. Civ. P. 45 (a)(2)(A)-(C) provides that: "[a] subpoena must issue as follows: for attendance at a hearing or trial . . . for attendance at a deposition . . . and for production or inspection, if separate from a subpoena commanding a person's attendance."

Plaintiff's motion (Dkt. 61) should be denied. None of the subpoenas submitted by Plaintiff conform to these requirements.

Further, Plaintiff's current motion was filed almost two months after the discovery deadline. Plaintiff fails to move for an extension of time to conduct further discovery. Plaintiff fails to move for reconsideration of the decision to deny her motion for extension of time to conduct further discovery. Local Rule W.D. Wash. 7(h)(1) provides: "[m]otions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Plaintiff has not shown "a manifest error

in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Plaintiff simply ignores the prior order of the Court regarding discovery. Plaintiff's motion (Dkt. 61) should be denied.

### III.   ORDER

**IT IS ORDERED THAT:**

- Plaintiff's 'Motions [sic] the Court to Sever [sic] Subponeas [sic]' (Dkt. 61) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 1st day of December, 2014.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge