1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT
                                    WESTERN DISTRICT OF WASHINGTON
9                                               AT TACOMA

10

11      SAMANTHA HUBBARD,                              CASE NO. 13-5982 RJB

                          Plaintiff,                   ORDER GRANTING MOTION FOR
12                                                     SUMMARY JUDGMENT

13              v.

14      STATE OF WASHINGTON
        DEPARTMENT OF CORRECTION,
15
                          Defendant.
16
               This matter comes before the Court on the Defendant State of Washington Department of
17
        Correction's ("DOC" or "State") Motion for Summary Judgment (Dkt. 46) and Plaintiff's
18
        "Counter Motion to Defendant's Motion for Summary Judgment" (Dkt. 64).  The Court has
19
        considered the pleadings filed regarding the motions and the remaining file.
20
               This employment case arises from the June 11, 2012 termination of Plaintiff's job with
21
        the DOC.  Dkt. 1.  The State now moves to summarily dismiss all Plaintiff's claims.  Dkt. 46.
22
        For the reasons set forth below, the State's motion should be granted and the case dismissed.
23
                                            **I.     <u>FACTS</u>**
24

1      On August 1, 2007, Plaintiff began working as a Classification Counselor at Monroe

2    Correctional Complex in Monroe, Washington.  Dkt. 49, at 10.

3      On February 4, 2008, DOC wrote Plaintiff a "letter of concern" regarding her over 34

4    hours of work time used to make personal calls on the State's telephone system "SCAN."  Dkt.

5    51, at 13.

6      According to the State, Plaintiff's performance was not meeting expectations, and she

7    was placed on a Performance and Development Plan on November 18, 2008.  Dkt. 51, at 15.

8    The plan was developed due to the timeliness of Plaintiff's reports and errors therein, an increase

9    in offender grievances regarding Plaintiff, and Plaintiff's attendance.  *Id.*

10      She received a letter of reprimand on May 6, 2009, for failing to complete the essential

11    functions of her job.  Dkt. 51, at 21.  In her Performance and Development Plan Evaluation,

12    dated July 24, 2009, it was noted that her absenteeism was high (missing on average one day a

13    week), her organization continued to be poor, her reports were still late and contained several

14    errors.  Dkt. 51, at 26.

15      In August of 2009, Plaintiff filed a charge with the Equal Employment Opportunity

16    Commission ("2009 EEOC charge") alleging that her then supervisor, Lisa Howe, discriminated

17    against her due to her race and her daughter's disability and retaliated against her.  Dkt. 48, at 22.

18    The EEOC dismissed the charge on June 9, 2010, unable to conclude that the information it

19    obtained established violations of the relevant statutes.  Dkt. 48, at 24.

20      In October of 2009, Plaintiff was assigned to a new unit within the facility, and initially

21    made improvement.  Dkt. 51, at 31-32.  On October 25, 2010, Plaintiff received another letter of

22    reprimand for excessive use of the State's telephone system (for several long distance calls) and

23    inappropriate use of the internet. Dkt. 51, at 50.  On December 9, 2010, she received a letter of

24

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT- 2

1   reprimand for brining an "empty prescription bottle of oxycodone," leaving it on the floor in her

2   office (which was located in one of the prison's units) and for leaving her "institutional keys" on

3   her office's desk.  Dkt. 51, at 38.

4          In December 2011, the State notified Plaintiff that she was under investigation.  Dkt. 48,

5   at 26.  She was interviewed several times about the allegations which included:  misuse of the

6   State's telephone system and email system, improper use of sick leave, inappropriate use of her

7   DOC badge, and failing to pay for lunches in the staff lounge.  Dkt. 48, at 41-44, and 46-51.

8          On April 9, 2012, Plaintiff's union filed a grievance on her behalf, alleging that the State

9   violated a provision of the collective bargaining agreement when they took over 90 days to

10  complete the investigation without seeking written authorization to extend the time frame.  Dkt.

11  48, at 34.  A meeting between the State and the union was held, and the union requested "a full

12  make whole remedy, including a conclusion and resolution to the investigation."  *Id.*  In

13  response, the State sent a letter to the union, explaining the reasons for the delay, and indicating

14  that they were working on a final resolution.  *Id.*  The State indicated that Plaintiff would be

15  notified as soon as possible.  *Id.*

16         On June 11, 2012, Plaintiff's employment was terminated.  Dkt. 51, at 41.  The

17  termination letter lists the following misconduct for which the action was taken:

18         1.  During the period October 1, 2011, through December 31, 2011, you admitted
           that you used the State's Scan telephone system on multiple occasions for
19         personal telephone calls.
           2.  On December 23, 2011, you attended Pierce County Superior Court regarding
20         your fugitive warrant out of Louisiana, after you submitted a leave request form
           on December 20, 2011, that requested Sick Leave on December 23, 2011, for the
21         entire shift.                    .
           3.  You wore your Department of Corrections (DOC) badge to Pierce County
22         Superior Court on December  23, 2011, for your personal  hearing.
           4.  During the period December 2011, through January 2012, you admitted you
23         received personal e-mails on your DOC Outlook account on numerous occasions.

24

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT- 3

5.  You admitted to receiving correspondence from Office Assistant 3, Leslie Chu, on January 5, 2012, that was derogatory in nature regarding another staff person.

6.  During the period October 6, 2011 through November 15, 2011, you misappropriated state resources when you recorded coupon numbers on the Staff Lounge Receipt Log that had been purchased and used by other employees, and consumed lunches that you did not pay for on October 6, 7, 14, 18, 28, 2011; and November 2, 7, 10, 15, 16, 2011.

7.  You did not submit coupons for the lunches you consumed on October 13, 2011 and October 27, 2011.

Dkt. 50, at 41-42.  On June 13, 2012, Plaintiff's union filed a grievance on her behalf regarding her termination.  Dkt. 48, at 29.  The union withdrew that grievance "after a thorough investigation and review of the case" on January 8, 2013.  Dkt. 48, at 32.

On January 14, 2013, Plaintiff filed a charge with the EEOC alleging racial discrimination and retaliation for filing the 2009 EEOC charge.  Dkt. 48, at 37.  The EEOC dismissed the charge, concluding that it was unable to find that the information obtained showed a statutory violation.  Dkt. 48, at 39.

Plaintiff, acting *pro se*, filed her Complaint, entitled "Employment Discrimination Complaint," on November 13, 2013. Dkt. 1.  She alleges that she suffered disparate treatment due to her race and that she was retaliated against because she filed a complaint with the Equal Employment Opportunity Commission ("EEOC").  Dkt. 1-1.  Plaintiff additionally references due process in connection with the termination of her employment.  *Id.*  Plaintiff also filed an "Additional Statement of Facts," docketed as an Amended Complaint, which references due process and the collective bargaining agreement and "wrongful termination."  Dkt. 13.  Much of Plaintiff's Complaint and subsequent "Additional Statement of Facts"/Amended Complaint are difficult to decipher.

On October 14, 2014, Defendant filed the instant motion for summary dismissal of all Plaintiff's claims, and noted the motion for November 7, 2014.  Dkt. 46.  Plaintiff then filed a

1  pleading that was construed as a motion for an extension of time to:  1) conduct more discovery

2  and 2) file a response to the motion for summary judgment.  Dkt. 54.  Plaintiff's motion for an

3  extension of time to conduct further discovery was analyzed as a motion pursuant to Fed. R. Civ.

4  P. 56 (d), and was denied because Plaintiff failed to "identify by affidavit the specific facts that

5  further discovery would reveal, and explain why those facts would preclude summary

6  judgment."  Dkt. 58 (*citing Tatum v. City and County of San Francisco,* 411 F.3d 1090, 1100

7  (9th Cir. 2006)).  Plaintiff's motion for an extension of time to respond to the summary judgment

8  motion, which Plaintiff noted included hundreds of pages of attachments, was granted and the

9  motion for summary judgment renoted to November 28, 2014.  Dkt. 58.  The State's Motion for

10  Summary Judgment is now ripe for review.

11      In the pending motion, the State argues that: (1) Plaintiff's claims are barred for failure to

12  file her EEOC charge within 180 days of her termination, (2) her discrimination and retaliation

13  claims fail under the *McDonnell Douglas* burden shifting scheme, and (3) she cannot show a

14  violation of due process or the collective bargaining agreement.  Dkt. 46.

15      In Plaintiff's November 26, 2014 "counter motion" she asserts that "there are several

16  facts in dispute" and simultaneously moves for "all the relief sought in this case."  Dkt. 64.

17  Plaintiff repeatedly argues that the State's attorneys and various witnesses are not being honest

18  about the facts in the case.  *Id.*  She contests the various reasons given for the termination of her

19  employment and asserts that defense counsel is "using her wealth of legal knowledge purely

20  preying on the legal naivety of the plaintiff who is pro se in this case and has little or no legal

21  pedigree."  *Id.*, at 25.

22      The discovery deadline was September 15, 2014 and the dispositive motions deadline

23  was October 14, 2014.  Dkt. 26.  Trial is set to begin on January 12, 2015.  *Id.*

24

## II.    DISCUSSION

### A.  PLAINTIFF'S LATE FILED PLEADING

Pursuant to Local Rule W.D. Wash. 7(d)(3), Plaintiff's response to the State's Motion for Summary Judgment was due on November 24, 2014.  The dispositive motions deadline was October 14, 2014.  Plaintiff filed her response and "counter motion" on November 26, 2014. Plaintiff did not move for an extension of time to file a response or motion for summary judgment.

In the interest of fully and fairly considering all issues, the Court should consider the late filed pleading.  The Court notes that Plaintiff has requested, and received, an extension of time to respond to the Defendant's motion for summary judgment.  Plaintiff has filed extensive briefing on this motion and related motions.  As demonstrated below, no further briefing on any of the issues is necessary.

### B.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt.").  *See also* Fed.R.Civ.P. 56(e).  Conversely, a genuine dispute over a

1   material fact exists if there is sufficient evidence supporting the claimed factual dispute,

2   requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty*

3   *Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors*

4   *Association*, 809 F.2d 626, 630 (9th Cir. 1987).

5      The determination of the existence of a material fact is often a close question.  The court

6   must consider the substantive evidentiary burden that the nonmoving party must meet at trial –

7   e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254, T.W. *Elect.*

8   *Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor

9   of the nonmoving party only when the facts specifically attested by that party contradict facts

10   specifically attested by the moving party.  The nonmoving party may not merely state that it will

11   discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial

12   to support the claim.  *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).

13   Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not

14   be "presumed."  *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

15     **C.  TIMING OF 2013 EEOC CHARGE AND TITLE VII CLAIMS**

16      To establish federal subject matter jurisdiction, a plaintiff is required to exhaust his or her

17   administrative remedies before seeking adjudication of a Title VII claim.  *B.K.B. v. Maui Police*

18   *Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002).  A Title VII plaintiff must exhaust administrative

19   remedies by filing a timely charge with the EEOC, or the appropriate state agency, thereby

20   affording the agency an opportunity to investigate the charge.  42 U.S.C. § 2000e-5(b).

21   Generally, the charge must be filed with the EEOC "within one hundred and eighty days after the

22   alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). In a state, like

23   Washington, "that has an entity with the authority to grant or seek relief with respect to the

24

1  alleged unlawful practice, an employee who initially files a grievance with that agency must file

2  the charge with the EEOC within 300 days of the employment practice." *Nat'l R.R. Passenger*

3  *Corp. v. Morgan*, 536 U.S. 101, 109 (2002).  "A claim is time barred if it is not filed within these

4  time limits." *Id.*

5      Plaintiff's claims for discrimination and retaliation, brought pursuant to Title VII should

6  be dismissed for failure to timely exhaust her administrative remedies.  This Court does not have

7  subject matter jurisdiction over these claims. There is no evidence that Plaintiff instituted

8  proceedings with the Washington State Human Rights Commission or any other state or local

9  agency with authority to grant relief before she filed her charge with the EEOC.  Accordingly,

10 she had 180 days from after the date of "alleged unlawful employment practice occurred" to file

11 her charge.  42 U.S.C. § 2000e-5(e)(1).  Plaintiff was discharged from employment on June 11,

12 2012.  She did not file her EEOC charge until January 14, 2013 – 217 days after her discharge.

13 Plaintiff does not allege (much less point to any evidence) that she suffered discrimination or

14 retaliation contrary to Title VII after her discharge date.  Her claims for discrimination and

15 retaliation under Title VII are time barred.  The State's motion (Dkt. 46) should be granted and

16 Plaintiff's claims for discrimination and retaliation should be dismissed.

17      The Court need not reach the Defendant's other basis for dismissal of these claims, or

18 Plaintiff's other arguments that her motion on these claims be granted.  To the extent that

19 Plaintiff makes a motion regarding these claims (Dkt. 64), it should be denied.

20    **D.  DUE PROCESS/VIOLATION OF COLLECTIVE BARGAINING AGREEMENT**

21    To the extent that Plaintiff asserts a procedural due process violation in connection with the

22 Collective Bargaining Agreement, the State's motion to dismiss it (Dkt. 46) should be granted,

23 and her claim should be dismissed.

24

1  The Fourteenth Amendment protects individuals from the deprivation of property without

2  due process of law. There are three elements for procedural due process claims under Section

3  1983:  (1) a property interest protected by the Constitution; (2) a deprivation of that interest by

4  the government; and (3) a lack of process. *Portman v. County of Santa Clara*, 995 F.2d 898, 904

5  (9th Cir. 1993). A public employer may meet its due process obligations by providing a

6  collective bargaining agreement if that agreement contains grievance procedures that satisfy due

7  process.  *Armstrong v. Meyers*, 964 F.2d 948, 950 (9th Cir.1992).

8  Plaintiff fails to point to any evidence that her Collective Bargaining Agreement with the

9  State did not contain grievance procedures that satisfy due process.  The record shows that under

10  the agreement, when misconduct allegations were made against her, she was notified of them,

11  had an opportunity to be heard, an opportunity to dispute the State's evidence and an opportunity

12  to file grievances.  She has made no showing that her procedural due process rights were

13  violated.  The State's Motion for Summary Judgment on Plaintiff's due process claim (Dkt. 46)

14  should be granted and the claim dismissed.

15  To the extent that she makes a motion for summary relief on her claim for due process (Dkt.

16  64), it should be denied.  She provides no argument or evidence in support of her motion.

17  **E.   VIOLATION OF COLLECTIVE BARGAINING AGREEMENT**

18  The State's motion to summarily dismiss Plaintiff's claims for violation of the Collective

19  Bargaining Agreement (Dkt. 46) should be granted.  To the extent that Plaintiff makes a motion

20  for summary relief on her claim for violation of the Collective Bargaining Agreement (Dkt. 64),

21  it should be denied.

22  To the extent that Plaintiff argues generally that the Collective Bargaining Agreement was

23  violated, she fails to point to any particular provision that was violated, except the provision that

24

1   requires that investigations be conducted in 90 days.  She acknowledges, however, that her union

2   grieved the issue.  She does not point to any evidence that she was damaged as a result of the

3   alleged violation or that she did not receive the relief she requested.  The claim should be

4   dismissed.

5     **F.  WRONGFUL TERMINATION**

6       Section 301 of the Labor Management Relations Act ("LMRA") provides that all suits

7   seeking relief for violation of a collective bargaining agreement may be brought in federal court.

8   *Humble v. Boeing Co.*, 305 F.3d 1004, 1007 (9th Cir. 2002).  The Supreme Court has held in a

9   variety of contexts that § 301 acts to preempt state law claims that:  "substantially depend" on a

10   collective bargaining agreement, "that are premised on negotiable or waivable state law duties

11   the content of which has been covered" by a collective bargaining agreement or "that seek to

12   enforce the terms" of a collective bargaining agreement, for example, breach of contract claims.

13   *Id.*

14       To the extent that Plaintiff asserts a claim for wrongful termination under state law for

15   asserted violations of the Collective Bargaining Agreement, her claim is preempted by § 301 of

16   the LMRA, and so should be dismissed.  To the extent that Plaintiff asserts a claim for wrongful

17   termination as a breach of the Collective Bargaining Agreement, Plaintiff fails to identify which

18   provision applies or any evidence in support of her assertions.  Plaintiff's claim for wrongful

19   termination should be dismissed.

20     **G.  CONCLUSION**

21       The State's Motion for Summary for Summary Judgment (Dkt. 46) should be granted.  To

22   the extent that Plaintiff moves for summary judgment, (Dkt. 64), her motion should be denied.

23   Plaintiff's claims should be dismissed and this case closed.

24

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT- 10

1

### III.   ORDER

2

**IT IS ORDERED THAT:**

3

- Defendant State of Washington Department of Correction's Motion for Summary

4

  Judgment (Dkt. 46) **IS GRANTED;**

5

- Plaintiff's "Counter Motion to Defendant's Motion for Summary Judgment" (Dkt.

6

  64) **IS DENIED**;

7

- Plaintiff's claims are **DISMISSED**; and

8

- This case is **CLOSED**.

9

The Clerk is directed to send uncertified copies of this Order to all counsel of record and

10

to any party appearing *pro se* at said party's last known address.

11

Dated this 1st day of December, 2014.

12

13

_____
ROBERT J. BRYAN

14

United States District Judge

15

16

17

18

19

20

21

22

23

24