UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SAMANTHA HUBBARD,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF WASHINGTON DEPARTMENT OF CORRECTION,<br><br>  Defendant. | CASE NO. 13-5982 RJB<br><br>ORDER ON MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

This matter comes before the Court on the Plaintiff's "Motion to Court for Reconsideration of Appointing of Counsel." Dkt. 83. The Court has considered the pleadings filed regarding this motion, and the remaining file.

Plaintiff filed her Complaint, entitled "Employment Discrimination Complaint" on November 13, 2013, *pro se*. Dkt. 1. She alleges that she suffered disparate treatment due to her race and that she was retaliated against because she filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). Dkt. 1-1. Plaintiff additionally makes a

claims for violation of her collective bargaining agreement, for wrongful termination and references "due process." *Id.*

## I.  FACTS

On December 1, 2014, this Court granted Defendant's motion for summary judgment. Dkt. 66. The facts and procedural history are in that order and are adopted by reference. *Id.* That order dismissed Plaintiff's Title VII claims as barred by the statute of limitations. *Id.* Plaintiff's claims for violation of due process, violation of the collective bargaining agreement, and for wrongful termination were also dismissed. *Id.*

Plaintiff appealed the order. Dkt. 70.

On June 8, 2015, the Ninth Circuit Court of Appeals issued its decision. Dkt. 66. It noted that the Defendant withdrew its defense of the appeal. *Id.* The Ninth Circuit found, accordingly, that this Court's decision that Plaintiff's Title VII claims were barred by the statute of limitations was in error. *Id.* It vacated this Court's "order granting summary judgment on appellant's Title VII claims" and remanded the case for further proceedings. *Id.*

Trial is to begin on March 7, 2016. Dkt. 81.

Plaintiff now moves for reconsideration of this Court's order denying her appointment of counsel. Dkt. 83. She references Fed. R. Civ. P. 60. *Id.*

Plaintiff's motion for appointment of counsel was denied on November 18, 2013. Dkt. 3. That Order provided:

> Pursuant to 42 U.S.C. § 2000e-5(f)(1), "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security." In deciding whether to appoint counsel in a Title VII case, the court assesses the applicant's financial resources, efforts the applicant has already made to secure counsel and whether the claim has merit. *Bradshaw v. Zoological Society of San Diego,* 662 F.2d 1301 (9th Cir 1981).

ORDER ON MOTION FOR RECONSIDERATION
OF ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL- 2

> Plaintiff's motion for appointment of counsel (Dkt. 2) should be denied. Plaintiff has made a showing that she has inadequate financial resources. However, Plaintiff has not shown that she has made significant efforts to secure counsel. Moreover, Plaintiff has failed to show, at this stage, that her claims have merit.
> Moreover, under 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person unable to afford counsel. Under Section 1915, the court may appoint counsel in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims pro se in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).
> Under this standard, Plaintiff's motion (Dkt. 2) should also be denied. Plaintiff has not shown that she is likely to succeed on the merits. She has not shown she is unable to articulate the instant case's claims *pro se*. Thus far, she is able to articulate her positions adequately and raise issues to the court. The issues here do not appear to be complex. Her motion should be denied.

Dkt. 3. Plaintiff moved for reconsideration of that order, and the motion was denied on October 17, 2014. Dkt. 53.

This opinion will address Plaintiff's motion as both a motion for reconsideration and as a motion for relief from an order under Fed. R. Civ. P. 60(b).

## II.   DISCUSSION

### A. MOTION FOR RECONSIDERATION

To the extent that Plaintiff intends for the motion to be a motion for reconsideration, it should be denied.

Local Rule W.D. Wash. 7(h)(1) provides: "[m]otions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."

1   Plaintiff's Motion for Reconsideration (Dkt. 83) should be denied.  Plaintiff has not

2  shown "a manifest error in the prior ruling or a showing of new facts or legal authority which

3  could not have been brought to its attention earlier with reasonable diligence."

4   Further, even if considered on the merits, Plaintiff still has not made an adequate showing

5  under either 42 U.S.C. § 2000e-5(f)(1) or 28 U.S.C. § 1915(e)(1) as stated in the prior Order

6  (Dkt. 3).

7   Moreover, under LCR 7(h)(2) motions for reconsideration are to be filed "within fourteen

8  days after the order to which it relates is filed."  Plaintiff's Motion for Reconsideration (Dkt. 83)

9  should also be denied as untimely because it is several months late.

10   The November 18, 2013 Order denying Plaintiff's motion for appointment of counsel

11  (Dkt. 3) should be affirmed.

12  **B.  MOTION PURSUANT TO FED. R. CIV. P. 60(b)**

13   To the extent that Plaintiff makes her motion pursuant to Fed. R. Civ. P. 60(b), her

14  motion should be denied.

15   Fed. R. Civ. P. 60(b) "Grounds for Relief from a Final Judgment, Order, or Proceeding"

16  provides:

17  On motion and just terms, the court may relieve a party or its legal representative
    from a final judgment, order, or proceeding for the following reasons:
18      (1) mistake, inadvertence, surprise, or excusable neglect;
        (2) newly discovered evidence that, with reasonable diligence, could not
19      have been discovered in time to move for a new trial under Rule 59(b);
        (3) fraud (whether previously called intrinsic or extrinsic),
20      misrepresentation, or misconduct by an opposing party;
        (4) the judgment is void;
21      (5) the judgment has been satisfied, released or discharged; it is based on
        an earlier judgment that has been reversed or vacated; or applying it
22      prospectively is no longer equitable; or
        (6) any other reason that justifies relief.
23

24
   ORDER ON MOTION FOR RECONSIDERATION
   OF ORDER DENYING MOTION FOR
   APPOINTMENT OF COUNSEL- 4

Plaintiff has failed to show that the prior order denying her motion for appointment of counsel was a result of "mistake, inadvertence, surprise or excusable neglect." Rule 60(b)(1). Plaintiff has not pointed to newly discovered evidence, fraud, misrepresentation, or misconduct by an opposing party. Rule 60(b)(2)-(3). She challenges a decision on a motion, not a judgment, so Rule 60(b)(4) and (5) do not apply. Plaintiff has shown no "other reason that justifies relief." Rule 60(b)(6). She has not made a showing under either 42 U.S.C. § 2000e-5(f)(1) or 28 U.S.C. § 1915(e)(1). Her motion (Dkt. 83) should be denied.

### III. ORDER

It is **ORDERED** that:

- Plaintiff's Motion for Reconsideration (Dkt. 83) **IS DENIED**; and
- The Order denying Plaintiff's Motion for Appointment of Counsel (Dkt. 3) **IS AFFIRMED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 2nd day of September, 2015.

ROBERT J. BRYAN
United States District Judge

ORDER ON MOTION FOR RECONSIDERATION
OF ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL- 5